65887-JDK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**RICSUNG INTERNATIONAL LIMITED and**
**FUIJAN MINHOU MINXING WEAVING CO., LTD.**

    **PLAINTIFFS,**

vs.

    **No. 1:08-CV-01213-JDB**
    **JURY DEMANDED**

**XEBEX CORPORATION, a/k/a**
**TETRA PACIFIC CORPORATION,**

    **DEFENDANT.**

_____

## ANSWER AND COUNTERCLAIM ON BEHALF OF DEFENDANT XEBEX CORPORATION a/k/a TETRA PACIFIC CORPORATION

_____

Defendant Xebex Corporation a/k/a Tetra Pacific Corporation, by and through counsel, responds to the Complaint and asserts as its Counterclaim as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant responds to the allegations contained in the Complaint paragraph by paragraph as follows:

    1.    Defendant admits upon information and belief that Ricsung International Limited is a British Virgin Islands corporation with its initial registered office located at Unit 3, 20th Floor, Golden Centre, 188 Des Voeux Road Central, Hong Kong. Defendant possesses insufficient information either to admit or deny the remaining allegations contained in Paragraph 1.

65887-JDK

2. Defendant possesses insufficient information either to admit or deny the allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits jurisdiction is proper in this Court.

6. Defendant admits venue is proper in this Court.

7. Defendant admits it had a business relationship with Ricsung, but denies the remaining allegations contained in Paragraph 7.

8. Defendant admits Ricsung administered and forwarded Xebex purchase orders to factories in China, including Plaintiff Minxing, but denies the remaining allegations contained in Paragraph 8.

9. Defendant admits the factories fulfilled orders received through Ricsung, and submitted their invoices directly to Xebex. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant admits that, in July 2008, Minxing refused to release shipping containers to Xebex or Kirkland's, but denies the remaining allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies communications acknowledging that it owed the outstanding indebtedness set forth in the Complaint.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant possesses insufficient information either to admit or deny the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

38. Defendant denies the allegations contained in Paragraph 38.

65887-JDK

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant admits that, in certain instances, it submitted purchase orders directly to Minxing, but denies the remaining allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant reiterates the preceding paragraphs of this Answer, and incorporates them herein.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

58. Any allegations not admitted, denied, or otherwise addressed are hereby denied.

## THIRD DEFENSE

Defendant Xebex Corporation relies upon the affirmative defenses of waiver, estoppel, payment, and accord and satisfaction. Defendant further reserves the right to set forth further affirmative defenses following discovery.

## COUNTERCLAIM

After having answered Plaintiffs/Counterdefendants' Complaint, Defendant/Counterclaimant Xebex Corporation, by and through counsel, hereby states its counterclaims as follows:

## PARTIES AND JURISDICTION

The parties to this action, as well as jurisdiction and venue, have been adequately addressed in Plaintiffs/Counterdefendants' Complaint and Defendant/Counterclaimant's Answer, herein incorporated by reference.

## FACTS

1. Counterdefendant Ricsung International Limited employed Kevin Yang during the year 2008.

2. Kevin Yang, and/or other employees or agents of Ricsung International Limited, sent e-mails to and/or communicated with factories in China in 2008 regarding Xebex Corporation.

3. One or more of the e-mails and/or communications with factories in China by Kevin Yang, and/or other employees or agents of Ricsung International Limited, in 2008 stated that Xebex Corporation was in poor financial condition and otherwise portrayed Xebex Corporation in a negative light.

65887-JDK

4. The purpose of the communications to factories in China by Kevin Yang, and/or other employees or agents of Ricsung International Limited, in 2008 was to dissuade, stop or prevent such factories from doing business with Xebex Corporation.

5. In 2008, Kent Lin was an employee and/or agent of Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd.

6. Kent Lin and/or other employees or agents of Fuijan Minhou Minzing Weaving, Co., Ltd. communicated with factories in China in 2008 regarding Xebex Corporation.

7. One or more of the communications with factories in China by Kent Lin, and/or other employees or agents of Fuijan Minhou Minzing Weaving, Co., Ltd., in 2008 stated that Xebex Corporation was in poor financial condition and otherwise portrayed Xebex Corporation in a negative light.

8. The purpose of the communications to factories in China by Kent Lin, and/or other employees or agents of Fuijan Minhou Minzing Weaving, Co., Ltd., in 2008 was to dissuade, stop or prevent such factories from doing business with Xebex Corporation.

9. In July 2008, Fuijan Minhou Minzing Weaving, Co., Ltd., through Kent Lin and/or another employee or agent, intentionally withheld containers of goods destined to one of Xebex Corporation's clients (Kirkland's) and refused to allow such client to take possession of the goods.

10. The withholding of goods in July 2008 by Fuijan Minhou Minzing Weaving, Co., Ltd. violated an agreement with Xebex Corporation regarding payment of goods and caused lost income relating to sales, freight, and storage.

11. Beginning in approximately 2006, Fuijan Minhou Minzing Weaving, Co., Ltd. agreed to pay Xebex Corporation commissions for transactions related to one of its customer's, ROI.

12. Fuijan Minhou Minzing Weaving, Co., Ltd. thereafter completed numerous transactions with ROI.

65887-JDK

13. Fuijan Minhou Minzing Weaving, Co., Ltd. failed to pay Xebex Corporation numerous commissions following transactions with ROI.

14. During the period of their business relationship, Ricsung International Limited and Xebex Corporation agreed to share freight charges relating to samples of goods.

15. Ricsung International Limited failed to pay Xebex Corporation its share of costs related to sample freight during the period of their business relationship.

## CAUSES OF ACTION

**Tortious Interference with Business and/or Contractual Relations**

16. Plaintiff/Counterdefendant Ricsung International Limited has intentionally and tortiously interfered with the business relations of Defendant/Counterclaimant Xebex Corporation regarding other businesses, including factories in China.

17. Ricsung International Limited has intentionally and tortiously sent communications to various factories in China in an effort to dissuade them from engaging in business with Xebex and to harm Xebex.

18. Plaintiff/Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd. has intentionally and tortiously interfered with the business relations of Defendant/Counterclaimant Xebex Corporation regarding other businesses, including factories in China.

19. Plaintiff/Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd. has intentionally and tortiously sent communications to various factories in China in an effort to dissuade them from engaging in business with Xebex and to harm Xebex.

20. Plaintiff/Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd. intentionally and tortiously refused to release goods to one of Xebex Corporation's clients (Kirkland's) in July 2008 in an effort to hold Xebex under duress and to harm its relationship with such client.

7

### Defamation

21. Plaintiff/Counterdefendant Ricsung International Limited has tortiously defamed Xebex Corporation by communicating with other businesses, including factories in China, regarding Xebex's purported financial condition, conduct, and/or business practices.

22. Plaintiff/Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd. has tortiously defamed Xebex Corporation by communicating with other businesses, including factories in China, regarding Xebex's purported financial condition, conduct, and/or business practices.

### Breach of Contract, Unjust Enrichment

23. Plaintiff/Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd. breached its contract with Xebex Corporation and/or has been unjustly enriched by failing to pay commissions to Xebex for transactions with ROI.

24. Plaintiff/Counterdefendant Fuijan Minhou Minzing Weaving, Co., Ltd. breached its contract with Xebex Corporation and/or has been unjustly enriched by refusing to release goods to one of Xebex Corporation's clients (Kirkland's) in July 2008 and failing to pay Xebex Corporation in relation to such goods.

25. Plaintiff/Counterdefendant Ricsung International Limited breached its contract with Xebex Corporation and/or has been unjustly enriched by failing to pay its share of freight charges related to sample freight.

### Breach of Covenant of Good Faith and Fair Dealing

26. Due to the above actions, Counterdefendants Ricsung International Limited and Fuijan Minhou Minzing Weaving, Co., Ltd. breached the covenant of good faith and fair dealing in relation to Xebex Corporation.

27. Defendant/Counterclaimant Xebex Corporation has been injured as a result of these actions.

28. Defendant/Counterclaimant Xebex Corporation **demands a jury** to try all issues related to the Complaint and Counterclaim.

65887-JDK

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Xebex Corporation respectfully requests:

1. Judgment for compensatory damages against the Counterdefendants in the sum of $5,000,000.00 or another amount to be set forth by the jury at trial.

2. Judgment for punitive damages against the Counterdefendants in the sum of $5,000,000.00 or another amount to be set forth by the jury at trial.

3. Prejudgment and post-judgment interest.

4. A jury to be empanelled to hear all issues in the case.

5. All other relief to which it is entitled.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

BY: s/ Craig P. Sanders
JERRY D. KIZER (BPR No. 7652)
CRAIG P. SANDERS (BPR No. 22268)
105 S. Highland Avenue
Jackson, TN 38301
(731) 423-2414
jkizer@raineykizer.com
csanders@raineykizer.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served, via the method indicated below, on the following counsel of record:

( ) Hand-delivery
( ) Mail
( ) Fax
( ) Fed Ex
(X) EFS

Mr. James E. Bailey, III
Mr. R. Campbell Hillyer
Farris Bobango Branan, PLC
40 South Main Street
One Commerce Squate, Suite 2000
Memphis, TN  38103
*Attorneys for Plaintiffs*

This the 25th day of November 2008.

s/ Craig P. Sanders_____