UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
EASTERN DIVISION

**RICSUNG INTERNATIONAL LIMITED, and**
**FUIJAN MINHOU MINXING WEAVING CO., LTD.**

      **PLAINTIFFS,**

**vs.**                                                                          **No. 1:08-CV-01213-JDB**

**XEBEX CORPORATION, a/k/a**
**TETRA PACIFIC CORPORATION,**

      **DEFENDANT.**

_____

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM**
_____

Plaintiffs and Counterdefendants, Ricsung International Limited ("Ricsung") and Fuijan Minhou Minxing Weaving Co., Ltd. ("Minxing"), for response to the Defendant's Counterclaim (the "Counterclaim") filed herein against them, state:

FIRST DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

SECOND DEFENSE

For response to the separately numbered paragraphs of the Counterclaim, Plaintiffs and Counterdefendants state as follows:

1.    Ricsung admits employing Kevin Yang during the year 2008.

2.    Ricsung admits that Kevin Yang communicated with factories in China in the year 2008 regarding Xebex Corporation.

3.    Ricsung denies the allegations contained in paragraph 3 of the Counterclaim.

4.    Ricsung denies the allegations contained in paragraph 4 of the Counterclaim.

1

5. Minxing admits that Kent Lin was an employee or agent of Fuijan Minhou Minxing Weaving Co., Ltd. during the year 2008.

6. Minxing denies the allegations contained in paragraph 6 of the Counterclaim.

7. Minxing denies the allegations contained in paragraph 7 of the Counterclaim.

8. Minxing denies the allegations contained in paragraph 8 of the Counterclaim.

9. Minxing admits temporarily withholding the specified containers of goods destined to Kirkland's until payment for the goods was satisfactorily arranged, and at such time, the goods were then released.

10. Minxing denies the allegations contained in paragraph 10 of the Counterclaim.

11. Minxing admits entering into an agreement with Xebex Corporation for commissions related to transactions with ROI.

12. Minxing admits completing several transactions with ROI.

13. Minxing denies the allegations contained in paragraph 13 of the Counterclaim.

14. Ricsung admits entering into an agreement with Xebex Corporation relating to the freight charges for samples of goods.

15. Ricsung denies the allegations contained in paragraph 15 of the Counterclaim.

16. Ricsung denies the allegations contained in paragraph 16 of the Counterclaim.

17. Ricsung denies the allegations contained in paragraph 17 of the Counterclaim.

18. Minxing denies the allegations contained in paragraph 18 of the Counterclaim.

19. Minxing denies the allegations contained in paragraph 19 of the Counterclaim.

20. Minxing denies the allegations contained in paragraph 20 of the Counterclaim.

21. Ricsung denies the allegations contained in paragraph 21 of the Counterclaim.

22. Minxing denies the allegations contained in paragraph 22 of the Counterclaim.

23. Minxing denies the allegations contained in paragraph 23 of the Counterclaim and demands strict proof thereof.

24. Minxing denies the allegations contained in paragraph 24 of the Counterclaim and demands strict proof thereof.

25. Ricsung denies the allegations contained in paragraph 25 of the Counterclaim and demands strict proof thereof.

26. Minxing and Ricsung deny the allegations contained in paragraph 26 of the Counterclaim and demand strict proof thereof.

27. Minxing and Ricsung deny the allegation contained in paragraph 27 of the Counterclaim and demand strict proof thereof.

28. No response is required to paragraph 28 of the Counterclaim.

29. Minxing and Ricsung deny that the Defendant is entitled to any damages, including either compensatory or punitive, and interest thereon as requested in the Prayer for Relief, including all subparagraph 1-5.

All allegations not heretofore admitted or denied in the Counterclaim are hereby denied.

### THIRD DEFENSE

Defendant comes before this Court with unclean hands and, therefore, its claims for alleged damages should be denied.

### FOURTH DEFENSE

Minxing and Ricsung aver that any injuries, losses or damages suffered by Defendant were caused solely by its own actions or omissions which bar recovery herein.

FIFTH DEFENSE

To the extent that any debts, loans, benefits, advances, or other financial obligations have been paid to or on behalf of the Defendant, Minxing and Ricsung are entitled to a set-off in the event that the Defendant is entitled to any damages from either Plaintiff, which both deny.

SIXTH DEFENSE

Minxing and Ricsung reserve the right to raise any additional affirmative defenses that may be revealed through discovery.

NOW, HAVING FULLY ANSWERED the Counterclaim filed herein, Minxing and Ricsung pray for this Court to enter an order dismissing Defendant's Counterclaim with prejudice and assessing the costs against the Defendant; and, for such other, further relief, both general and specific, to which they may be entitled.

**Dated: January 8, 2009**

*Respectfully submitted*

**FARRIS BOBANGO BRANAN, PLC**

/s/ R. Campbell Hillyer
   James E. Bailey III (015979)
   R. Campbell Hillyer (022124)
40 South Main Street
One Commerce Square, Suite 2000
Memphis, TN 38103
(901) 259-7100
(901) 259-7150 fax
*jbailey@farris-law.com*
*chillyer@farris-law.com*

*Attorneys for*
*Ricsung International Limited*
   *and*
*Fuijan Minhou Minxing Weaving Co. Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been sent, via electronic mail to following counsel of record:

    Jerry D. Kizer
    Craig P. Sanders
    RAINEY, KIZER, REVIERE & BELL, P.L.C.
    105 S. Highland Avenue
    Jackson, TN 38301
    (731) 423-2414
    jkizer@raineykizer.com
    csanders@raineykizer.com
    *Attorneys for Defendant*

This the 8th day of January, 2009.

                                                    /s/  R. Campbell Hillyer