UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
EASTERN DIVISION

RICSUNG INTERNATIONAL LIMITED, and
FUIJAN MINHOU MINXING WEAVING CO., LTD.

      PLAINTIFFS,

vs.                                                     No. 1:08-CV-01213-JDB

XEBEX CORPORATION, a/k/a
TETRA PACIFIC CORPORATION,

      DEFENDANT.
_____

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**
_____

      Come now Ricsung International Limited ("Ricsung") and Fuijan Minhou Minxing Weaving Co., Ltd. ("Minxing") pursuant to Fed. R. Civ. P. 33 and propound to the Defendant, Xebex Corporation a/k/a Tetra Pacific Corporation ("Defendant"), the following interrogatories to be answered fully within thirty (30) days after service hereof, and in the case of each objection raised, state in full the grounds for the objection.

      NOTE A:    When used in these Interrogatories, the terms "Defendant" or "you" include not only the Defendant, but also Defendant's counsel and all agents, employees, representatives, private investigators or other persons who have obtained knowledge or information on behalf of the Defendant.

      NOTE B:    Throughout these Interrogatories wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished:

    1.      By whom it was made, and to whom.

    2.      The date upon which it was made.

    3.      Who else was present when it was made.

    4.      Was it recorded or described in any writing or any type: If so, identify each such writing in the manner indicated in Note C below.

**NOTE C:** Whenever Defendant is requested to identify communication, memorandum, or record of any type and such communication was written, the following information should be furnished:

    1.      By whom it was made.

    2.      To whom it was addressed, and

    3.      If copies were sent to any person, to whom such copies were sent.

**NOTE D:** Whenever Defendant is requested to identify an individual or an entity, the following information should be furnished:

    1.      The individual or entity's full name,

    2.      Current or last known address, and

    3.      Current or last known telephone number.

**NOTE E:** The Interrogatories shall be deemed continuing and supplemental answers shall be required if Defendant directly or indirectly obtains further information of the nature sought herein between the time answers are served and the time of trial.

**Interrogatory No. 1:** Please state the names and addresses of the persons who assisted in answering these Interrogatories.

**Interrogatory No. 2:** Please identify by name and address all persons having knowledge of any matter which is relevant to the subject matter of this litigation.

**Interrogatory No. 3:** For each person identified in the foregoing Interrogatory, state the substance of their individual knowledge of such matters.

**Interrogatory No. 4:** Please identify all records or documents in your possession or control that relate to the allegations in the Plaintiffs' Complaint or Defendant's Counterclaim.

**Interrogatory No. 5:** Please identify all statements, written or recorded in any other form whatsoever, of any individual or entity having, thought to have, or purporting to have knowledge or information regarding any factual issue or matter concerning the business relationship between Plaintiffs and Defendant or any allegations contained within the Complaint or Counterclaim.

**Interrogatory No. 6:** Please state each and every fact, including all persons taking part in, the discussions and/or negotiations regarding the business relationship between Ricsung and Xebex.

**Interrogatory No. 7:** Please identify all documents including without limitation business agreements, memoranda, notes of meetings and/or contracts, either oral or written, between Defendant and either Ricsung or Minxing, including any essential terms thereof such as term, subject matter and financial distributions, related to the business relationship between you and Ricsung as admitted in paragraph 7 of your Answer filed in this cause.

**Interrogatory No. 8:** Please identify all Xebex purchase orders "administered and forwarded" by Ricsung as contained in paragraph 8 of your Answer filed in this cause.

**Interrogatory No. 9:** Please identify all invoices submitted directly to Xebex by various factories as contained in paragraph 9 of your Answer filed in this cause.

**Interrogatory No. 10:**  Please itemize all funds received by you from any source related to the sale of those goods which were either received from Plaintiff Minxing or acquired via the facilitation of Plaintiff Ricsung.

**Interrogatory No. 11:**  Please itemize all funds paid by you to either Plaintiff during the time period of December 2006 to present.

**Interrogatory No. 12:**  Please identify and itemize any outstanding monetary amounts now due and owing to either Plaintiff by Xebex.

**Interrogatory No. 13:**  Please state each and every fact, including the essential terms of the agreement, upon which you base the allegations set forth in paragraph 10 of your Counterclaim filed in this cause.

**Interrogatory No. 14:**  Please state each and every fact, including entities names included in "other businesses, including factories in China" and any monetary damage amounts, upon which you base the allegations of tortious interference of contractual relations as contained in paragraph 16 and 18 of your Counterclaim filed in this cause.

**Interrogatory No. 15:**  Please state each and every fact upon which you base the allegations of defamation set forth in paragraphs 21-22 of your Counterclaim filed in this cause.

**Interrogatory No. 16:**  Please state each and every fact upon which you base the allegations of breach of contract/unjust enrichment, including agreement terms and monetary amounts, set forth in paragraphs 23 of your Counterclaim filed in this cause related to ROI.

**Interrogatory No. 17:**  Please state each and every fact upon which you base the allegations of breach of contract/unjust enrichment, including agreement terms and monetary amounts, set forth in paragraphs 24 of your Counterclaim filed in this cause related to Kirkland's.

**Interrogatory No. 18:**  Please state each and every fact upon which you base the allegations of breach of contract/unjust enrichment, including agreement terms and monetary amounts, set forth in paragraphs 25 of your Counterclaim filed in this cause related to freight charges.

**Interrogatory No. 19:**  Please itemize the monetary amount of $5,000,000 compensatory damages, including the calculations thereof, upon which you base paragraph 1 of the Prayer for Relief contained in your Counterclaim filed in this cause.

**Interrogatory No. 20:**  Please identify all letters of credit submitted by either Xebex or Xebex's financial institution to Plaintiffs or Plaintiffs' financial institution which is relevant to the subject matter of this litigation.

**Interrogatory No. 21:**   Please list all litigation to which you have been a party (including bankruptcy) during the previous five years. Please state the nature of the action, the date of the action, the forum of the action, and the case number.

**Respectfully submitted:**

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

By: /s/ R. Campbell Hillyer
    James E. Bailey III (15979)
    R. Campbell Hillyer (22124)
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7200
 cam.hillyer@butlersnow.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served via electronic notice or regular US Mail on the persons listed below this 3rd day of July, 2009.

    WALDROP & HALL, P.A.
    Charles M. Purcell
    Jennifer K. Craig
    106 South Liberty Street
    P.O. Box 726
    Jackson, TN 38302
    dabbsgoldenr@waldrophall.com
    Attorneys for Defendant

                        /s/ R. Campbell Hillyer

Memphis 1214765v.1