UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
EASTERN DIVISION

**RICSUNG INTERNATIONAL LIMITED, and**
**FUIJAN MINHOU MINXING WEAVING CO., LTD.**

      **PLAINTIFFS,**

vs.                                    No. 1:08-CV-01213-JDB

**XEBEX CORPORATION, a/k/a**
**TETRA PACIFIC  CORPORATION,**

      **DEFENDANT.**
_____

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**
_____

Come now Ricsung International Limited ("Ricsung") and Fuijan Minhou Minxing Weaving Co., Ltd. ("Minxing") pursuant to Fed. R. Civ. P. 34 and propound to the Defendant, Xebex Corporation a/k/a Tetra Pacific Corporation ("Defendant"), the following requests for production to be responded to fully within thirty (30) days after service hereof, and in the case of each objection raised, state in full the grounds for the objection.

**DEFINITIONS**

As used herein. the following definitions apply:

1.    The terms "Defendant", "you" and "your" mean each and every agent, attorney, representative, officer, director, department, subsidiary, predecessor, affiliate, employee and any other person or persons acting or purporting to act on behalf of Xebex Corporation d/b/a Tetra Pacific Corporation.

2.    The terms "document" and "documents" mean any kind of written or graphic matter as defined and encompassed by Rule 34 of the Federal Rules of Civil Procedure, however produced

or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof and, including but not limited to, papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, e-mail, electronic messages, memoranda, notes, notations, work papers, transcripts (including deposition transcripts), pleadings, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input, computer data, and photographs or mechanical means and things similar to any of the foregoing however denominated by you.

3.     The term "relating to" or "relate to" includes all documents or information which pertain to, refer to, relate to and reflect on or in any manner describe the subject matter of a particular interrogatory.

4.     The term "communicate" or "communication" means every manner or means of disclosure, transfer, or exchange and every disclosure, transfer or exchange of information, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically or otherwise,

5.     For purposes of interpreting or construing the scope of the interrogatories herein, the terms used shall be given their most expansive and inclusive interpretation unless otherwise specifically limited in the interrogatory itself. This includes, without limitation, the following:

    (a) Construing "and" as well as "or" in the disjunctive or conjunctive sense as necessary to make the request more inclusive; and

    (b) Construing the singular form of the word to include the plural and the plural

form of the word to include the singular.

6.  "Person" means any natural person, corporation, partnership, limited liability company, limited liability partnership, joint venture, association, proprietorship, and all other incorporated or unincorporated governmental, public, social or legal entities.

7.  "Identify" means:

(a) as to a person (as defined): name, business and/or residence addressees), occupation, job title, and dates so employed; and, if not a natural person, state the type of entity, the address of its principal place of business, and the names of its officers and directors;

(b) as to a document: the type of document (e.g., letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34 of the Federal Rules of Civil Procedure;

(c) as to a communication: the date of the communication, the type of communication (e.g., telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present, when it was made, and the subject matter discussed;

(d) as to a meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed;

(e) as to books, prints, newspapers, old coins or other artworks: describe the item specifically including, where applicable, title, date and author.

8. "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and shall include, but not be limited to, formal and informal gatherings, conversations, telephone communications, e-mails and electronic messages.

## INSTRUCTIONS

1. These Requests include all relevant documents in the investigative files or in the personal possession, custody or control of any representatives, agents, accountants, or attorneys of the Defendant.

2. If you object to the production, identification or disclosure of any document or information on the claim of any privilege, identify the privilege claimed, together with the following information with respect to each such item of information or document:

>  (a) Date (if a document);
>  (b) Addressee (if a document);
>  (c) Sender (if a document);
>  (d) Subject matter of the document or privilege;
>  (e) The basis upon which the privilege is claimed; and
>  (f) The names of persons who are in possession or control of the document or information with an identification of their employer and their job titles.

3. Any use of the terms "and" and "or" are intended to be inclusive rather than exclusive.

4. These Requests shall be deemed continuing and supplemental responses shall be required if Defendant directly or indirectly obtains further information of the nature sought herein between the time answers are served and the time of trial.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:

Please produce each and every document referenced or relied upon in the responses contained within Defendant's Answer to Plaintiffs' Complaint as well as the allegations contained in Defendant's Counterclaim.

REQUEST NO.2:

Please produce each and every document referenced or relied upon in your responses to the Plaintiff's First Set of Interrogatories to Defendant.

REQUEST NO.3:

Please produce each and every document in your possession relating to the discussions and/or negotiations regarding the business relationship between Ricsung and Xebex which began in approximately December 2006.

REQUEST NO.4:

Please produce any and all recordings, whether hand-written, typed or otherwise recorded, of any statement taken by you or anyone acting on your behalf of any person who has, or claims to have, knowledge of the facts and issues in this lawsuit, including but not limited to, any statement of the parties.

REQUEST NO.5:

Please produce all contracts, invoices, purchase orders, change orders, credit memos and/or other documents relating to the business transactions between Xebex and Plaintiff from December 2006 forward.

REQUEST NO.6:

Please produce all documents of any kind related to any and all communications made and/or received by you or your agent(s) with Plaintiffs relative to the subject dispute in this matter.

REQUEST NO.7:

Please produce all of Defendant's memorandums, e-mails, internal documents, or other documents of the sort relating to this dispute or the prior business relationship with either Plaintiff.

REQUEST NO.8:

Please produce all documents of any kind related to all funds received by you from any source related to the sale of those goods which were either received from Plaintiff Minxing or acquired via the facilitation of Plaintiff Ricsung. Including but not limited to account reconciliations, billing statements, bank records, wire transfer confirmations, deposit slips, debt write-off or other financial transfers of any kind.

REQUEST NO.9:

Please produce all financial statements of Defendant for the calendar years of 2006, 2007, 2008 and 2009, including but not limited to balance sheets, income statements, cash flow, and state and federal tax returns.

REQUEST NO.10:

Please produce all documents related to any losses, costs and/or other damages incurred by you as a result of Plaintiffs for which you are seeking to recover in Defendant's Counterclaim in this matter.

REQUEST NO.11:

Please produce all documents related to any all letters of credit submitted by either Xebex or Xebex's financial institution to Plaintiffs or Plaintiffs' financial institution.

**Respectfully submitted:**

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

By: /s/ R. Campbell Hillyer
    James E. Bailey III (15979)
    R. Campbell Hillyer (22124)
6075 Poplar Avenue
Suite 500
Memphis, TN 38119
(901) 680-7200
cam.hillyer@butlersnow.com

Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice or regular US Mail on the persons listed below this 3rd day of July, 2009.

    WALDROP & HALL, P.A.
    Charles M. Purcell
    Jennifer K. Craig
    106 South Liberty Street
    P.O. Box 726
    Jackson, TN 38302
    dabbsgoldenr@waldrophall.com
    Attorneys for Defendant

          /s/ R. Campbell Hillyer