09-14860

**IN THE UNITED STATES DISTRICT COURT TENNESSEE**
**WESTERN DISTRICT**

| | |
|---|---|
| **RICSUNG INTERNATIONAL LIMITED &** ) <br> **FUIJAN MINHOU MINXING WEAVING CO., LTD.** ) <br>  ) <br> **PLAINTIFFS/COUNTER DEFENDANTS** ) <br>  ) <br> V. ) <br>  ) <br> **XEBEX CORPORATION a/k/a TETRA PACIFIC** ) <br> **CORPORATION** ) <br>  ) <br> **DEFENDANT/COUNTER CLAIMANT.** ) | No. 08-01213-JDB-egb |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD ADDITIONAL PARTY**

COMES NOW, Xebex Corporation, a/k/a Tetra Pacific Corporation (the "Defendant"), pursuant to FED. R. CIV. P. 15(a), FED. R. CIV. P. 20(a) and Local Rule 7.2 and files this response to Plaintiff's Motion for Leave to Amend Complaint to Add Additional Party and would respectfully state unto the Court as follows:

**A. Plaintiffs Should Not Be Allowed to Amend Their Complaint Pursuant to Federal Rule of Civil Procedure 15(a) to Add Scott Weinart as a Defendant Pursuant to Federal Rule of Civil Procedure 20(a).**

As correctly stated in the Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to Amend Complaint to Add Additional Party, Federal Rule of Civil Procedure 15 only allows a party to "amend its pleading once as a matter of course within 21 days after serving it". FED. R. CIV. P. 15(a)(1). After this 15 day time period has elapsed, the

party "may amend its pleading only with the opposing party's written consent or the court's leave". FED. R. CIV. P. 15(a)(2).  As this Court is well aware, Plaintiffs filed this action on September 11, 2008.  Since the Plaintiffs now seek to amend their complaint more than two years after the date of its filing without the written consent of the Defendant, the Plaintiffs may only amend their complaint by leave of Court.  According to our own Sixth Circuit Court of Appeals, "[i]n deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment".  *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

As a result, the Defendant believes that the Court should consider several different facts from this current litigation in light of the criteria enunciated by our Sixth Circuit Court of Appeals.  Firstly, the court should consider the Plaintiffs' substantial delay in the filing of their motion to amend their complaint to add additional parties.  As noted above, the Plaintiffs have waited more than two years to file a motion to amend this document.  Furthermore, the Plaintiffs have had the opportunity during that time to seek a claim against Mr. Scott Weinart individually, but yet waited until now to name him as a Party Defendant, this despite the Plaintiffs having access to the very information-- for months and even more than a year—which the Plaintiffs contend serve as the basis for Amended Complaint.  Against this backdrop it is urged that the Amended Complaint at such a late date serves as a "lack of notice to opposing party" and "undue prejudice to the opposing party".  This two year delay in filing, coupled with the lack of notice to the Defendant provides significant prejudice to both the Defendant Xebex Corporation

as well as the potential Defendant Scott Weinart. Defendant Xebex Corporation has defended this suit for over two years while safeguarding its own interests since it is the only Defendant and Scott Weinart has not acted to protect his interest over the past two years in the same manner that he would were he a named party in this instant litigation. Allowing the Plaintiffs to add potential Defendant Scott Weinart at a time period that is over two years after this action was initially filed would cause considerable prejudice to both Defendant Xebex Corporation and potential Defendant Scott Weinart.

Wherefore, Defendant Xebex Corporation respectfully requests that the Court deny the Plaintiffs' motion to for leave to amend their complaint to add an additional party.

WALDROP & HALL, P. A.

By:   s/ Charles M. Purcell
Charles M. Purcell (012461)
Attorneys for Defendant
106 S. Liberty Street
Jackson, TN 38301
(731) 424-6211
Email:  purcellc@waldrophall.com

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system.

 s/Charles M. Purcell
WALDROP & HALL, P.A.

Date:       October 20, 2010