IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| RICSUNG INTERNATIONAL LIMITED and FUIJAN MINHOU MINXING WEAVING CO., LTD.<br>    Plaintiffs,<br><br>v.<br><br>XEBEX CORPORATION, a/k/a TETRA PACIFIC CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:08-CV-1213-JDB-egb<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On reference is the Motion for Leave to Amend Complaint and to Add Additional Party filed by Ricsung International Limited and by Fuijan Minhou Minxing Weaving Co., LTD ("Plaintiffs") [D.E. 55]. Xebex Corporation a/k/a Tetra Pacific Corporation ("Defendant") has filed a response in opposition [D.E. 60].

PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint against Defendant September 11, 2008 [D.E.1]. Defendant filed its Answer and Counterclaim against Plaintiffs on November 25, 2008 [D.E.10]. The Rule 16 (b) scheduling order was entered on March 16, 2009. Relevant to this Motion is the date for joining parties—for the Plaintiffs July 31, 2009 and the Defendant August 31, 2009 [D.E. 20]. On April 21, 2010, a Revised Rule 16 (b) Scheduling Order was entered, which, among other deadlines, extended the completion of all discovery to July 1, 2010 [D.E.51]. It did not extend the deadline for joining parties.

On October 1, 2010, Plaintiffs filed a motion to revise the scheduling order and to continue/reset the trial date [D.E. 53] and the Court granted this motion [D.E. 54].  This Order required a Second Revised Rule 16 (b) Scheduling Order be agreed upon by parties and submitted within fifteen (15) days.  A Second Revised Rule 16 (b) Scheduling Order [D.E. 57] was entered, followed by the current Amended Second Revised Rule 16 (b) Scheduling Order [D.E. 58].  Neither of these speaks to extending the time to join parties.  A new trial date is set for June 6, 2011.

Pursuant to Rules 15 (a) and 20 (a), Plaintiffs now seek allowance to amend their complaint so as to join an additional party defendant, Mr. Scott Weinert, in his individual capacity, under the corporate veil piercing and alter ego theories.

## LAW AND CONCLUSIONS

Consideration of this Motion begins with Fed. R. Civ. P. 16 (b) (4), which addresses the modification of scheduling orders. While modifications have occurred on the several occasions as noted above, at no time has there been an extension of the original July 31, 2009 deadline for Plaintiffs to join parties or even amend pleadings.

For an amendment to the scheduling order to be approved now, this Court, in accordance with Rule 16 (b) (4), first must determine if good cause exists.  This Court acknowledges that good cause was found in each of the previous amendments, yet none of these applied to the expiration of the time to join parties or amend pleadings.  So this remains an open issue.  In determining to permit an amendment to the Complaint, the Court also must consider Rule 15 (a) (2), which requires either Defendant's written consent or the Court's leave to amend pleadings—which should be freely give when justice so requires.

Defendant has not agreed to this amendment; therefore, the Court must consider whether to grant leave. "By stating, 'the court should freely give leave when justice so requires,' subdivision (a)(2) [of Rule 15] encourages the court to look favorably on the requests to amend." *Foman v. Davis*, 371 U. S. 178,182 (1962); *Hayden v. Ford Motor Co*. 497 F.2d 1292, 1293-94 (6th Cir. 1974). Rule 15 reinforces the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.3d 637, 639 (6th Cir. 1982). *See also Foman*, 371 at 182 ("If the underlying facts or circumstances relied upon by the plaintiff may be subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). The Sixth Circuit has cautioned, however, that the right to amend is not absolute or automatic. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir 2008). District courts should consider a number of factors when determining whether to grant a motion to amend under Rule 15 (a) (2) including, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of amendment." *Foman*, 371 at 182; *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 597 F.3d 722, 729 (6th Cir. 2009).

Defendant, in its opposition to the addition of Mr. Weinert as a party defendant, argues that lack of notice and undue prejudice to opposing party, to include a two-year delay where Mr. Weinart has defended this lawsuit and "not acted to protect his interest." Indeed, this Court is concerned about the delay. A review of Plaintiffs' Memorandum in Support [D.E. 55-2] reveals that as early as the deposition of Defendant's bookkeeper Marta Dowling, conducted by Plaintiffs on October 22, 2009, that Plaintiffs learned that Mr. Weinart always determined what bills of Defendant were paid and when; that while Defendant was behind in payments with Plaintiffs, Mr. Weinert's other companies and interests were paid; that he was funneling money

3

to a company in the Philippines known as R.R. David Enterprises; that he was causing the bills of other companies in which he held an interest and his friends' personal bills to be paid from the Defendant; that he cause the Defendant to spend $180,000 in building improvements to this barn and arena at his personal residence; and that he caused Defendant, at a time when it was experiencing significant financial difficulties, to sell receivables owned by it and specifically directed that the proceeds of the sale be transferred to his personal account. *See* par. 10, Plaintiff's Memorandum in Support of Plaintiffs' Motion for Leave to Amend Complaint to Add Additional Party [D.E.55].

Additionally, at the time of Ms. Dowling's deposition, her prior deposition given during Mr. Weinert's divorce case was exhibited. It revealed that Defendant owned vehicles that Mr. Weinert gave to his wife as birthday presents and other vehicles that his children drove; that he caused a check from a customer of Defendant to be deposited into the Defendant's account and then caused the transfer of the money to his personal account; that he instructed Ms. Dowling to advise Defendant's accountants that there would be no payroll for that month.

While there was other evidence acquired after Ms. Dowling's depositions,[1] this Court finds that Plaintiffs, in mid-August 2009, had a basis to allege the claims they now attempt to assert against Mr. Weinert individually.

In light of the above, the Court must determine if "justice requires" that Plaintiffs be permitted to amend their Complaint and join Mr. Weinert. While it has been some fourteen months, the Court finds that Mr. Weinert has not suffered from the delay. Other evidence before this Court clearly establishes that Mr. Weinert functions as the Defendant, being the sole

---

[1] At the time of Ms. Dowling's deposition of August 10, 2009, the first Scheduling Order, with the July 31, 2009 deadline for Plaintiffs to join parties and amend pleadings had just expired by a few days.

shareholder of its stock and serving in the roles of President, Secretary and Treasurer. *See* Exhibit 4 to Plaintiffs' Memorandum, Defendant's Depos., p. 9. He is uniquely familiar with the business of Defendant and in control of its operations, to include this lawsuit. Thus, there has been no lack of notice and no prejudice to Mr. Weinert. Accordingly, the Court finds that justice requires Plaintiffs be permitted to amend their Complaint and join Mr. Weinert as a party defendant in their lawsuit.

Finally, Plaintiffs also have argued that Rule 20 (a) permits Mr. Weinert to be joined as a party. The Magistrate Judge agrees. Federal Rule of Civil Procedure 20(a) governs permissive joinder of parties. Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Courts liberally interpret Rule 20. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *Pasha v. Jones*, 82 F.3d 418 (6th Cir. 1996) ("Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issue.").

Here, Weinert satisfies the requirements for permissive joinder under Rule 20(a)(2). Plaintiffs are seeking an award of monetary relief, jointly and severally, against Xebex and, given the interconnectedness and corporate veil piercing and alter ego claims, Weinert. Plaintiffs' claims involve liability for the same debts and arise out of the same series of transactions. Additionally, Plaintiffs point out that they will be relying on the same evidence as

to the underlying debts for which liability will attach. As such, disposition of both matters necessarily involves many of the same questions of law and fact.

 For these reasons, Plaintiffs' Motion is GRANTED.  Plaintiffs are granted leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure within thirty days of entry of this Order, naming Weinert as a defendant.

IT IS SO ORDERED.

          **s/Edward G. Bryant**
          EDWARD G. BRYANT
          UNITED STATES MAGISTRATE JUDGE

          Date:  **November 2, 2010**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS ORDER MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE ORDER. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**